**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

KENNETH J. HAMPTON,

        Petitioner,    :    Case No. 2:22-cv-4246

  - vs -                         District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                  :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO STRIKE

       This habeas corpus case, brought *pro se* by Petitioner Kenneth Hampton pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Strike the Return of Writ (ECF No. 12). The Magistrate Judge reference in this case has this day been transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 15).

       Petitioner demands that the Return be stricken as hearsay.

       Hampton filed his Petition November 15, 2022, the date he placed it in the prison mailing system (ECF No. 4, PageID 46). On March 8, 2023, Magistrate Judge Deavers, to whom this case was originally referred, ordered the Respondent Warden to file an "answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases" within sixty days (ECF No. 5). On May 5, 2023, Senior Assistant Attorney General Maura Jaite, appearing as counsel for Respondent, filed the Return (ECF No. 8).

1

The Return is not sworn to, but Rule 5 of the Rules Governing § 2254 Proceedings does not require that it be sworn, unlike Rule 2(c) which requires that the Petition be sworn, but parallel to Rule 5(e) which does not require that the Petitioner's reply be sworn.

Fed. R. Evid. 801 defines hearsay as a statement that the declarant did not make while testifying and that is offered in evidence to prove the truth of the matter asserted in the statement. They key point for deciding the Motion to Strike is that the Return is not offered in evidence. Rather, it is a pleading intended to summarize for this Court the prior proceedings in Hampton's case and to argue the case from the Warden's perspective. In the course of doing that, the Attorney General will have made statements of fact such as the Common Pleas Court did xxx, but any such statement must be proved by reference to the record which has been filed.

Because factual statements made in the Return are not testimonial hearsay within the meaning of Fed. R. Evid. 801, the Motion to Strike is DENIED.

Petitioner's second demand is that anyone permitted to provide evidence in this case be sworn under the penalty of perjury. That is a general requirement of federal law. Fed. R. Evid. 603. It is unlikely, however, that the Court will be taking evidence since the usual requirement is that habeas corpus cases be decided on the basis of the state court record. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Ramirez*, 142 S.Ct. 2037 (2022).

September 28, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge