# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KENNETH D. HAMPTON,

        Petitioner,    :    Case No. 2:22-cv-4246

- vs -    District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is brought *pro se* by Petitioner Kenneth Hampton pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Licking County Court of Common Pleas on drug trafficking and weapons charges (Petition, ECF No. 4). On Magistrate Judge Deavers' Order, Respondent has filed the State Court Record (ECF No. 7) and a Return of Writ (ECF No. 8). Petitioner has filed a Reply (ECF No. 14), making the case ripe for decision. The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload in the District.

**Litigation History**

On May 27, 2020, the Licking County Grand Jury returned a superseding indictment charging Petitioner with sixteen felony counts, fourteen involving illicit drugs and two weapons charges (Indictment, State Court Record, ECF No. 7, Ex. 2). The trial judge allowed Hampton to

1

file an untimely motion to suppress, but denied it after hearing.  A jury convicted Petitioner on all counts.  After merging some counts, the trial judge sentenced Petitioner to ten to fifteen years imprisonment.  The convictions were affirmed on direct appeal.  *State v. Hampton*, 2021-Ohio-1873 (Ohio App. 5th Dist. Jun. 1, 2021).  Hampton did not file a timely appeal to the Supreme Court of Ohio.  He was granted leave to file a delayed appeal which was then dismissed for want of prosecution when he failed to file a memorandum in support of jurisdiction (State Court Record, ECF No. 7, Ex. 17).

Hampton timely initiated these habeas proceeding by placing his Petition in the prison mail system on November 15, 2022.  He pleads the following Grounds for Relief:

> **Ground One:** Ineffective assistance of appellate counsel, pursuant to the U.S. Sixth and Fourteenth Constitutional Amendments.
>
> **Supporting Facts:** Deficient assignments of errors, presented within appellant's brief.
>
> **Ground Two:** Conviction was against the manifest weight of the evidence.
>
> **Supporting Facts**: Two (2) other accused/defendants (persons of interest) one (1) of which was the sole owner of the vehicle petitioner was a passenger in weren't officially charged nor convicted of any of the offenses Petitioner was convicted of.
>
> **Ground Three:** The trial court abused its discretion in failing to render judgment upon appellant/petitioner's motion to suppress evidence.
>
> **Supporting Facts:** Petitioner had a motion to suppress evidence filed in the trial court, however, said motion was never ruled upon nor rendered a final appealable order.
>
> **Ground Four:** Petitioner was deprived of the effective assistance of trial counsel.
>
> **Supporting Facts:** Failure to prepare a proper defense and retrieve exculpatory discovery evidence favorable to the Petitioner.

(Petition, ECF No. 4).

# Analysis

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Hampton asserts he received ineffective assistance of appellate counsel when his direct appeal attorney presented unspecified deficient assignments of error.  Respondent asserts this claim is procedurally defaulted because it was never fairly presented to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

3

Case: 2:22-cv-04246-MHW-MRM Doc #: 17 Filed: 10/03/23 Page: 4 of 8 PAGEID #: 676

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

Ohio law provides a method for raising ineffective assistance of appellate counsel claims by application for reopening under Ohio R. App. P. 26(B). However Hampton has never filed such an application and the time within which such an application could be filed expired ninety days after the Fifth District decided the appeal.

Hampton seeks to excuse this procedural default by claiming he is actually innocent (Reply, ECF No. 14). The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the

4

> threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Hampton presents no new evidence of his actual innocence. Instead he claims he could

5

prove his actual innocence if the Court would appoint counsel and allow discovery (Reply, ECF No. 14). However, he gives absolutely no indication of what evidence he thinks could be found that would meet the *Schlup* standard. *McQuiggin* requires presentation of the new evidence, not just the expression of hope that such evidence can be found.

Hampton has presented no new evidence of actual innocence. Therefore his procedural default of his ineffective assistance of appellate counsel claim remains unexcused and the First Ground for Relief should be dismissed with prejudice.

**Ground Two: Conviction Against the Manifest Weight of the Evidence**

In his Second Ground for Relief, Hampton claims his conviction is against the manifest weight of the evidence. Respondent asserts this claim is not cognizable in habeas corpus because it does not allege a violation of the United States Constitution. Hampton makes no response to that defense except for the actual innocence claim. Proof of actual innocence would not change a state law claim into a federal claim.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Ground Two should therefore be dismissed with prejudice.

**Ground Three:  Failure to Rule on Motion to Suppress**

In his Third Ground for Relief, Hampton asserts the trial court failed to render a decision on his motion to suppress in a final appealable order.  This claim is refuted by a simple examination of the State Court Record.  At ECF No. 7, Ex. 8, there appears a four-page Judgment Entry plainly and expressly denying the Motion to Suppress.  That interim judgment was fully appealable with the final judgment in the case.  Ground Three should therefore be dismissed with prejudice.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Hampton claims he was deprived of his Sixth Amendment right to the effective assistance of trial counsel.  However, his claim is completely conclusory: "Failure to prepare a proper defense and retrieve exculpatory discovery evidence favorable to the Petitioner."  He gives no hint of what he thinks a proper defense would have been or what exculpatory evidence he believes exists.

Ohio law provides two vehicles for raising claims of ineffective assistance of trial counsel. Claims that are supported by the record on direct appeal must be presented in that proceeding or they become barred by *res judicata* from later presentation. *State v. Perry,* 10 Ohio St. 2d 175 (1967).  On the other hand, if they are supported by evidence outside the appellate record, they must be presented by petition for post-conviction relief under Ohio Revised Code § 2953.21. Hampton does not tell the Court what sort of facts he relies on to prove ineffective assistance of trial counsel, but the claim is procedurally defaulted because it was not fairly presented either on direct appeal or in a post-conviction petition and both avenues of relief are now barred to him.  As

7

with Ground One, his claim of actual innocence is not supported by any evidence. Ground Four should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 3, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge